IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY SERSHEN

    Plaintiff,

    v.

EUGENE CHOLISH, J. SCOTTY LEMONCELLI, BOB HARVEY, BOROUGH OF ARCHBALD and STILLWATER ENVIRONMENTAL SERVICES,

    Defendants.

CIVIL ACTION No. 3:07-CV-1011

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Stillwater Environmental Services' Motion to Dismiss (Doc. 22.). Because Plaintiff has not alleged action under of color of state law sufficiently to withstand a motion to dismiss, because Defendant has not put forth arguments regarding the state law conspiracy claim, and because Plaintiff has sufficiently alleged that Stillwater acted intentionally or with wanton disregard for her rights in connection with her claims brought pursuant to state law, I will grant in part and deny in part Defendant's motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

The background of this case was discussed in detail in my Memorandum and Order of October 26, 2007 (Doc. 19), which granted in part and denied in part the Motion to Dismiss (Doc. 14) of Defendants Eugene Cholish, J. Scotty Lemoncelli, Bob Harvey,

and the Borough of Archbald.  Defendant Stillwater Environmental Services, which did not join in that motion, now moves to dismiss the claims against it in Counts Fourteen (XIV) and Seventeen (XVII) of Plaintiff Mary Sershen's Complaint (Doc. 1) as well as the claims against it for punitive damages.  (*See* Doc. 22.)

Plaintiff's Complaint brings constitutional and common law claims against the Defendants, arising from the demolition of a home she owned but no longer occupied (the Eynon Property), without her knowledge or consent, after it had been burned in a fire and declared unsafe, and related events.  (*See* Mem. & Order, Doc. 19.)  She alleges that in August 2006, when Defendant zoning officer Lemoncelli began soliciting bids for razing the property, Defendant Stillwater Environmental Services, Inc. ("Stillwater") submitted a bid and was later awarded the contract.  (*Id.* at 4-5.)  She alleges that between August 19 and August 26, 2006, Stillwater demolished the dwelling on the Eynon Property, and no Defendant made any attempt to contact her to inform her of the demolition.  (*Id.* at 5.)  She alleges that when she encountered Stillwater workers on her property on August 19, 2006, they "did not have any paperwork to prove they had authority to tear down the dwelling."  (Compl., Doc. 1 ¶ 37.)

In Count Fourteen (XIV), brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Stillwater engaged in a taking of Plaintiff's property, under color of state law, without just compensation and thus deprived her of due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.  (*Id.* ¶¶ 121-24.)  In Count Seventeen (XVII), Plaintiff alleges Stillwater and all other Defendants except the Borough engaged in a civil conspiracy "to engage in unlawful conduct, i.e., depriving Sershen of

her federal constitutional and civil rights and state common law rights, by engaging in the aforesaid conduct." (*Id.* ¶¶ 134-35.)  She seeks compensatory and punitive damages in each of these claims, and also seeks punitive damages from Stillwater based on two (2) Counts that Stillwater does not presently move to dismiss: Counts XV (Conversion and Destruction of Property) and XVI (Negligent Demolition).  (*Id.* at 31.)

Stillwater moves to dismiss Counts XIV and XVII on the ground that, as a private contractor, it did not act under color of state law and cannot have deprived Plaintiff of any rights guaranteed by the Constitution, and moves to dismiss all claims for punitive damages on the ground that "[t]here are no facts or allegations contained within the Complaint to suggest that Stillwater's conduct rose to a level warranting punitive damages." (Br. in Supp., Doc. 23, at 2-3.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S. Ct. 1955, 1960, 167 L. Ed.2d 929 (2007), or alleged "facts sufficient to raise a right to relief above the speculative level."  *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 317 (3d Cir. 2007).  In light of Federal Rule of Civil Procedure 8(a)(2), specific facts are not necessary; the

3

statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, --- U.S. ----, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not] be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of

4

establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**I. Action Under Color of State Law**

Plaintiff's claim against Stillwater in Count XIV and part of her claim in Count XVII are brought pursuant to 42 U.S.C. § 1983, under which, every person who, under color of state law, subjects another to the deprivation of any federal right shall be liable to the party injured. One may be liable under § 1983 only for conduct "fairly attributable to the State," that is, for a deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state ..." and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). A nominally private entity is a state actor "when it is controlled by an agency of the State, when it has been delegated a public function of the State, when it is entwined with governmental policies, or when government is entwined in its management or control." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 171 (3d Cir. 2004) (internal citations and quotation marks omitted). Also, "a challenged activity may be state action when it results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." *Id.* (internal citations and quotation marks omitted). Additionally, "a finding that a private party acted in a conspiracy with state officials would satisfy several

5

of these tests." *Smith v. Wambaugh*, 29 F. Supp. 2d 222, 226 (M.D. Pa. 1998).

### A. State Action Determinations at Motion to Dismiss Stage

In opposition to Defendant's motion, Plaintiff points to *Stacey v. City of Hermitage*. In *Stacey*, like in the instant case, landowners sued both municipal defendants and a private business that was awarded a contract to demolish their home, which had been declared a public nuisance. 178 Fed. Appx. 94, 97-98, 101 (3d Cir. 2006) (not precedential). The company moved to dismiss the claims against it for violation of the landowners' property rights based on the demolition, on the ground that it was not a state actor. *See id.* at 101. The court, however, held that "[a]bsent any evidence of the relationship between Sereday [the company] and the City ... lack of state action does not provide a basis for dismissal. This argument is more appropriately raised in a motion for summary judgment, as was the case in *Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707 (3d Cir. 1993), which Sereday relies upon in support of its motion." *Id.*

In *Black*, however, where the Third Circuit Court of Appeals affirmed summary judgment in favor of a bus company that contracted with the state, the company's officer, and its employee on the grounds that they were not state actors, the court gave no particular emphasis to the fact that it was reviewing a motion for summary judgment rather than a motion to dismiss. *See* 985 F.2d at 709-11. And indeed, courts within this Circuit have granted motions to dismiss for failure to adequately allege state action. *See, e.g., Schneider v. Arc of Montgomery County*, 497 F. Supp. 2d 651, 659 (E.D. Pa. 2007) (decided after *Stacey* case; granting motion to dismiss § 1983 claim against nonprofit corporation that received State funding and engaged in care, education, and support of

6

the developmentally disabled for failure to adequately allege state action; expressly rejecting argument that such a decision must wait until a summary judgment motion). The *Schneider* court stated that "[n]umerous courts, including this Court, have granted motions to dismiss section 1983 actions because the defendants were not state actors." *Id.* (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974) (affirming grant of motion to dismiss); *Leshko v. Servis*, 423 F.3d 337 (3d Cir. 2005) (same); *Cmty. Med. Ctr. v. Emergency Med. Servs. of Ne. Pa., Inc.*, 712 F.2d 878 (3d Cir. 1983) (same); also citing cases from district courts). The court stated that plaintiff's argument that dismissal on state action grounds was premature "might have merit if she presented to the Court how allowing her to take discovery might develop facts what would allow her to sufficiently allege that Defendants are state actors. However, she has made no such presentation." *Id.; see also Showalter v. Brubaker*, 493 F. Supp. 2d 752, 756 (E.D. Pa. 2007) (granting motion to dismiss for insufficient allegations of state action where plaintiff alleged that state senators she was attempting to photograph rapped on her car windows, stood behind her car preventing her from easily driving away, and allegedly took these actions without authority and "outside the scope of their employment").

Additionally, in *Diamond v. Nye*, decided six (6) months after *Stacey*, the United States District Court for the Middle District of Pennsylvania granted a motion to dismiss "because the allegations in the complaint fail to establish state action." No. 1:06-CV-0370, 2006 WL 3000769, at *3 (M.D. Pa. Oct. 19, 2006). "Plaintiff's attempt to establish the state action element, and therefore the § 1983 claim, is futile," the court found. *Id.* The court did consider some exhibits attached to the complaint, but it nevertheless found,

without converting the motion to one on summary judgment, that the plaintiff's allegations, even if "accepted as true, fail to establish that [the defendant] acted in anything other than a personal capacity" because "'[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action.'" *Id.* (quoting *Am. Mfts. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)).

      The *Stacey* decision's treatment of the state action question consisted of only one (1) paragraph, did not cite authorities other than *Black*, and, most important, did not elaborate on the nature of the Plaintiff's allegations supporting a finding of state action. *Stacey* thus appears not to have set forth a bright line rule that lack of state action ought never be decided on a motion to dismiss, but rather, served as a reminder that, at times, the fact-intensive nature of state action questions will demand a more fully developed record than that available at the motion to dismiss stage. The fact-intensive nature of these questions was underscored, as well, in *Chrissman v. Dover Downs Entm't Inc.*, where the Third Circuit Court of Appeals emphasized that "[a]lthough little is straightforward in determining whether a private actor has acted 'under color of state law,' one directive emerges clearly from the Supreme Court's jurisprudence: the facts are crucial." 289 F.3d 231, 233-34 (3d Cir. 2002). The court continued, "[i]n *Burton'*s often-quoted words, 'only by sifting facts and weighing circumstances can the non-obvious involvement of the State in private conduct be attributed its true significance." *Id.* at 234 (quoting *Burton*, 365 U.S. at 722).

      A court deciding a motion to dismiss, however, need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West*

*Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). If Plaintiff's factual allegations, taken as true, do not support a finding that Stillwater acted under color of law, dismissal is appropriate.

### B. Plaintiff's Allegations Relating to State Action

Plaintiff has alleged the following in support of finding state action: when bids for the demolition job were solicited, Stillwater submitted the a bid and was awarded the job because its bid was the lowest among the three (3) bids submitted; Stillwater was "the Borough's actor;" its demolition of her property was a deprivation of her rights "under color of state law;" and Stillwater and the other Defendants "entered into an agreement and combined among themselves and with others to engage in unlawful conduct" in order to violate Plaintiff's constitutional and state common law rights. (*See* Compl., Doc. 1 ¶¶ 33, 34, 123, 134-35.) These allegations, in sum, aver that Stillwater acted (1) jointly with the Borough pursuant to a bid contract and (2) pursuant to a conspiracy with the Borough and other Defendants to violate Plaintiff's rights.

Although "joint activity" and "conspiracy" are often both present in the same case, the two tests for state action are discussed as distinct. *See, e.g., Beckerman v. Weber*, No. 1:06-CV-1334, 2007 WL 2301049, at *5 (M.D. Pa. Aug. 9, 2007) ("[The private actors] must be deemed to have engaged in a conspiracy with state actors, or to have been willful participants in a joint activity with them in order to be subjected to suit under 42 U.S.C. § 1983."); *Wambaugh*, 29 F. Supp. 2d at 227 ("[A] private party may be liable under § 1983 when (1) the party actually participates with state officials in an activity

which is constitutionally prohibited, or (2) the private party conspires with state officials to violate the Constitution.").

## C. Action Pursuant to Contract, Alone, Does Not Create State Action

The Supreme Court has held that "[a]cts of ... private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982). The Court held that a private school which received almost all funding from the state and was heavily regulated was nonetheless not a state actor with regard to firing a teacher because "the decisions to discharge the petitioners were not compelled or even influenced by any state regulation." *Id.* at 841-43 (also rejecting arguments that school performed a function that has been "traditionally the *exclusive* prerogative of the State," and that it and the state were in a "symbiotic relationship," like in *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961)).

In the *Black* case mentioned above, where a school bus driver employed by a private contractor was accused of molesting the children who rode the bus, the Third Circuit Court of Appeals relied on *Rendell-Baker* in holding that the actions of the contractor and its employees were not fairly attributable to the state. 985 F.2d at 709-11. The court concluded that the bus company and its employees were "indistinguishable" from the private school and its employees in *Rendell-Baker*. *Id.* at 710. "While [the bus company] and its employees were carrying out a state program at state expense, they were not performing a function that has been 'traditionally the exclusive prerogative of the state' and there was no state regulation that 'compelled or even influenced' the conduct

10

which is alleged to have violated plaintiffs' constitutional rights." *Id.* at 710-11. The court also found no "symbiotic relationship" as in *Burton* because "the cooperation between the [state and the contractor] was only that appropriate to the execution of the subject matter of the contract." *Id.* at 711.

Although Plaintiff asserts that dismissal would be premature because "[t]he requisite 'symbiotic relationship' addressed in *Black* may very well exist between Stillwater and its co-defendants" (Br. in Opp'n, Doc. 24, at 7), Plaintiff has not alleged any of the facts that would, if proven true, show the existence of a "symbiotic relationship." *Burton*, where the government was found to have profited from the discriminatory conduct its private tenant, "turned on the fact that 'the state had many obligations and responsibilities regarding the operation of the restaurant; mutual benefits were conferred; and the restaurant operated physically and financially as an integral part of a public building devoted to a public parking service." *Black*, 985 F.2d at 711. No symbiotic relationship exists where, as is the case here, and as was the case in *Rendell-Baker* and *Black*, the contractor's "fiscal relationship with the State is not different from that of many contractors performing services for the government." *Rendell-Baker*, 457 U.S. at 843.

These cases thus foreclose most of the exceptions to the state action doctrine that might apply to make a contractor like Stillwater liable under § 1983. Plaintiff, however, advances two (2) more exceptions: joint action, and conspiracy.

**D. Joint Activity Theory of State Action Does Not Apply**

The joint activity test of state action was recognized by the Supreme Court in *Dennis v. Sparks*, where the Court stated that "[p]rivate persons, jointly engaged with

11

state officials in the challenged action, are acting under color of law for purposes of § 1983 actions." 449 U.S. 24, 27-28 (1980) (holding that private defendants engaged in a conspiracy that involves bribing a judge are acting under color of state law).  That case, however, involved a conspiracy.  Two years later, in *Lugar*, the Supreme Court held, even in the absence of a conspiracy, that a private party may be characterized as a state actor when he is a "joint participa[nt] with state officials in the seizure of disputed property." 457 U.S. at 941.  There, a creditor took advantage of a state-created procedure to obtain prejudgment attachment of certain of the plaintiff's property.  *Id.* at 924-25.  The Court held that "[w]hatever may be true in other contexts, ... when the State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute," a finding of "joint participation" does not require anything "more than invoking the aid of state officials to take advantage of state-created attachment procedures." *Id.* at 942.

Plaintiffs characterize Stillwater's alleged actions as fitting into this test, citing a 1982 decision by the United States District Court for the Eastern District of Pennsylvania, which, in denying a motion to dismiss, held that *Lugar*'s reasoning applied to find state action by a demolition company that demolished a plaintiff's home pursuant to a contract with the city of Philadelphia.  *Verdi v. City of Philadelphia*, 553 F. Supp. 334, 336 (E.D. Pa. 1982). The *Verdi* court held that although it was "undisputed that [the company] exercised no decision-making power," and "did not decide to withhold notice and thus potentially violate plaintiffs' rights," the company's actions, "under contract at the City's direction pursuant to the Philadelphia Building Code ... [were] analogous to those of

12

private parties who initiate pre-judgment attachment proceedings under state procedures which are alleged to be violative of due process." *Id.* "Only the manner of deprivation differs," the court stated. *Id.* at 337.

Despite the similarity of *Verdi*'s facts to those in this case, its holding is not dispositive here, because the *Lugar* decision on which the *Verdi* court relied stated that its holding "is limited to the particular context of prejudgment attachment." 457 U.S. at 938 n.21. And later, in *Cruz v. Donnelly*, the Third Circuit Court of Appeals read *Lugar*'s joint action test to be of more narrow applicability than District Court in *Verdi* had read it to be. "[T]he *Lugar* majority emphasized that its holding must be understood in the context of a particular legal mechanism .... *Lugar* teaches that at least when the state creates a system permitting private parties to substitute their judgment for that of a state official or body, a private actor's mere invocation of state power renders that party's conduct actionable under § 1983." 727 F.2d 79, 81-82 (3d Cir. 1984). The court thus found no state action by a store and its employee who had told police to strip and search a plaintiff and held that "even under the new principles defining 'color of law,'" in *Lugar*, "a store and its employees cannot be held liable under § 1983 unless: (1) the police have a pre-arranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." *Id.* at 80-81. The court stated that its holding was "wholly consistent" with *Lugar*'s reasoning because "[a]ccording to both, the critical issue ... is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." *Id.* at 82. *See also Robb v. City of Philadelphia*, 733 F.2d 286, 291-92 (3d Cir. 1984) (embracing *Cruz*'s

understanding of *Lugar*; finding that complaint alleged state action because it averred the existence of a working relationship that "drapes private actors ... with the power of the state" and in which "city officials substituted the judgment of private citizens for their own official authority").

This understanding of *Lugar* persists.  *See, e.g., Spencer v. Steinman*, 968 F. Supp. 1011, 1013, 1019 (E.D. Pa. 1997) (holding *Lugar*'s joint participation test "inapplicable" to claim that an attorney in a state court action used his influence with a state judge to gain favorable rulings during the litigation because the plaintiff was not alleging that a formal state procedure draped the attorney with the power of the state); *Smith v. Wood*, 649 F. Supp. 901, 904 (E.D. Pa. 1986) ("Plaintiff's reliance on footnote 16 of the *Lugar* opinion fails to persuade me that the Supreme Court intended its decision to extend beyond the context of prejudgment attachment proceedings.").

In light this understanding of *Lugar*'s holding, which the Third Circuit Court of Appeals clarified after the *Verdi* decision, Plaintiff, who has not alleged that Stillwater was draped with the power of the state or that its judgment was substituted for the municipality's, has not alleged state action under the "joint participation" theory.

**E. Action Pursuant to a Conspiracy**

As noted above, a plaintiff may show that "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" by "establishing that the state and a private actor conspired with one another to violate an individual's rights." *Adams v. Teamsters Local 115*, 214 Fed. Appx. 167, 172 (3d Cir. 2007); *see also Adickes v. S.H. Krees & Co.*, 398 U.S. 144, 152

(1970) (holding that private restaurant could be liable for discrimination under § 1983 if it was engaged in a conspiracy with state officials to deny plaintiff service or cause her arrest").

Generally, "no more is required of a plaintiff in § 1983 cases" than to satisfy the standards of notice pleading," *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998), but to satisfy those notice pleading standards when conspiracy is involved, "'the plaintiff must make specific factual allegations of combination ... or understanding among all or any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Kist v. Fatula*, No. Civ. A. 3:2006-67, 2007 WL 2404721, at *8 (W.D. Pa. Aug. 17, 2007) (quoting *Hammond v. Creative Financial Planning*, 800 F. Supp. 1244, 1250 (E.D. Pa. 1999)); *see also Crane v. Cumberland County*, No. 1:CV-99-1798, 2000 WL 34567277, at *10 (M.D. Pa. June 16, 2000) ("When the conduct at issue is a conspiracy, there must be some allegation about its formation and scope.").

In *Abbott*, the Third Circuit Court of Appeals held that the plaintiff could sue his ex-wife, a private individual, under § 1983 for violating his due process rights when she enlisted the help of and acted in concert with police officers to take a van in his possession. 164 F.3d 141, 144-48 (3d Cir. 1998). Although the Complaint in *Abbott* did not expressly allege that the private and public defendants engaged in a conspiracy, it did allege specific acts "depict[ing] joint action by Latshaw and Diehl in effectuating the recovery of the van," leading the court to comment that "[t]his is not a case in which the complaint contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action." *Id.* at 148. The court then cited *Fries v. Helsper*, a case

15

from the Seventh Circuit Court of Appeals which held that "mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." 146 F.3d 452, 458 (7th Cir. 1998). Similarly, in the 2007 *Beckerman* case, the United States District Court for the Middle District of Pennsylvania held that "conclusory assertions" that defendants "fraudulently arranged" a course of events and "acted in unlawful agreement with one another" were "inadequate to charge [the private defendants] with acting under color of state law." 2007 WL 2301049, at *5.

      Plaintiff's allegations that Stillwater acted "under color of state law" and that it and the other Defendants "entered into an agreement and combined among themselves and with others to engage in unlawful conduct" in order to violate Plaintiff's constitutional and state common law rights (Compl, Doc. 1 ¶¶ 123, 135) are simply legal conclusions and conclusory assertions. A contrary conclusion is not compelled by my finding, in my Memorandum and Opinion of October 26, 2007, that Plaintiff had sufficiently pled conspiracy under § 1983 with regard to the other remaining Defendants. (*See* Doc. 19, at 35-36.) Not only was the sufficiency of the allegations against Stillwater not before me at that time, but also, Plaintiff's factual allegations of conspiracy against those Defendants differ from her allegations of conspiracy against Stillwater. For instance, Plaintiff alleges some facts – such as letters Defendant Harvey sent to the Borough solicitor and to others, meetings of the Borough Council, and Defendant Lemoncelli's involvement in the Council's decisions on this matter – tending to show that the other remaining Defendants communicated with one another about, and were involved in, the decision to demolish the Eynon Property. (*See* Compl., Doc. 1 ¶¶ 23-33.) By contrast,

aside from the legal conclusions in Plaintiff's Complaint, the only factual allegations regarding Stillwater's involvement in the alleged conspiracy to violate her rights are that it submitted a bid – the lowest among three (3) bids the Borough Council considered – after bids had been solicited.  (Compl., Doc. 1 ¶¶ 31, 33-34.)  Her allegations of conspiracy under § 1983, in sum, do not surpass the level of conclusory allegations.  Plaintiff has not alleged that Stillwater acted under color of state law.

### F. Conclusion as to Action Under Color of State Law

Because Plaintiff has not alleged that Stillwater acted under color of state law, I will grant Stillwater's motion to dismiss the § 1983 claims against it: Count XIV and the § 1983 conspiracy claim in Count XVII.

## II. Civil Conspiracy Under Pennsylvania Law

In Count XVII, which alleges that Defendants conspired to deprive Plaintiff of her rights under both federal and state law, Plaintiff did not specify whether her claim is for civil conspiracy under § 1983 or under Pennsylvania law.  As such, my Memorandum and Order of October 26, 2007 (Doc. 19, at 34) clarified that Count XVII would be taken as alleging civil conspiracy both under § 1983 and under Pennsylvania law.  Defendant Stillwater's Motion to Dismiss, however, does not present arguments addressed to the state law conspiracy claim.  (*See* Br. in Supp., Doc. 23.)  As such, its motion will be denied with respect to the Pennsylvania state law conspiracy claim in Count XVII.

17

**III. Punitive Damages in Remaining Claims**

Under Pennsylvania law, punitive damages are "appropriate only if the actor's conduct was malicious, willful, oppressive, or exhibited reckless indifference to the rights of others." *Hart v. O'Malley*, 781 A.2d 1211, 1217 (Pa. Super. Ct. 2001); *see also Jahanshahi v. Century Development Co., Inc.*, 816 A.2d 1179, 1188 (Pa. Super. Ct. 2003) (embracing this definition of punitive damages and describing an alternative standard, under which punitive damages are awarded where a defendant acts "with bad motive or with reckless indifference to the interests of others" as a "rather dated" statement of the law).

In Count XV, Plaintiff alleges that Stillwater converted and destroyed Plaintiff's property, resulting in substantial injuries and damage to Plaintiff, and in the state law claim in Count XVII, Plaintiff alleges that Stillwater engaged in a conspiracy to violate her state common law rights. (Compl., Doc. 1 ¶¶ 126-28, 134-35.) These are allegations of willful conduct, and I cannot conclude at this time that punitive damages are not appropriate as a matter of law.

Additionally, "ordinary negligence will not support an award of punitive damages," under Pennsylvania law, but "'punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'" *Young v. Westfall*, No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (quoting *Hutchinson v. Luddy*, 870 A.2d 766 (Pa. 2005)). In Count XVI, "Negligent Demolition," Plaintiff alleges that Stillwater demolished her property

when it either knew or should have known that she owned the Eynon Property and knew it did not have her permission to demolish it.  As Plaintiff alleges not only that Stillwater should have known it was demolishing her property without authorization, but that it in fact did know, her allegation rises above the level of ordinary negligence; I cannot conclude at this stage, as a matter of law, that this conduct does not demonstrate "wanton disregard for" Plaintiff's rights.  For the foregoing reasons, I will deny Defendants' motion to dismiss Plaintiff's claims for punitive damages in her state law claims.

## CONCLUSION

Because Plaintiff has not alleged action under of color of state law sufficient to withstand a motion to dismiss, I will grant Defendant's motion to dismiss her claims in Counts XIV and XVII brought pursuant to § 1983.  Because Defendant has not put forth arguments regarding the state law conspiracy claim in Count XVII, I will deny Defendant's motion to dismiss that claim.  Because Plaintiff has sufficiently alleged that Stillwater acted intentionally or with wanton disregard for her rights in connection with her claims brought pursuant to state law, I will deny Defendant's motion to dismiss her claims for punitive damages.  The claims that remain against Stillwater are Count XV (Conversion and Destruction of Property), Count XVI (Negligent Demolition), and the state law civil conspiracy claim in Count XVII.

An appropriate order follows.


February 29, 2008                              /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY SERSHEN,  Plaintiff  v.  EUGENE CHOLISH, J. SCOTTY LEMONCELLI, BOB HARVEY, BOROUGH OF ARCHBALD and STILLWATER ENVIRONMENTAL SERVICES,  Defendants. | CIVIL ACTION No. 3:07-CV-1011  (JUDGE CAPUTO) |

**ORDER**

Now, this ___29th___ day of February, 2008, it is **HEREBY ORDERED** that Defendant Stillwater Environmental Services, Inc.'s Motion to Dismiss (Doc. 22) is **GRANTED** in part and **DENIED** in part, as follows:

1) Defendant's Motion to Dismiss Count XIV and the § 1983 conspiracy claim in Count XVII is **HEREBY GRANTED** and those claims are dismissed.

2) Defendant's Motion to Dismiss the state law conspiracy claim in Count XVII is **HEREBY DENIED**.

3) Defendant's Motion to Dismiss Plaintiff's claims of punitive damages in the remaining state law claims is **HEREBY DENIED**.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge