# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY SERSHEN, | |
| Plaintiff | CIVIL ACTION NO. 3:07-cv-1011 |
| v. | (JUDGE CAPUTO) |
| EUGENE CHOLISH, et al., | |
| Defendants | |

## MEMORANDUM ORDER

Before me is Plaintiff's Motion to Disqualify (Doc. 43). It seeks to disqualify Messers. Durkin and Healey and the firm of O'Malley, Harris, Durkin & Perry, P.C. from continuing to represent Defendant, Stillwater Environmental Services, Inc.

This matter turns on Rule 1.18 of Rules of Conduct which have been adopted by this Court. See L.R. 83.23.2(1). Rule 1.18 provides:

> (a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information which may be significantly harmful to that person learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.[1]
>
> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in

---

[1] Rule 1.9 does not apply here.

paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) When a lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1) both the affected client and the prospective client have been given informed consent, or;

(2) all of the following apply:

(i) the disqualified lawyer took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client;
(ii) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and
(iii) written notice is promptly given to the prospective client.

This case turns on paragraph (c) of the Rule and in particular the phrase "... if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter ...".

In 2006, the Plaintiff and her father met with Mr. Morgan, a lawyer in the O'Malley firm. He was consulted about the balance on a mortgage on the subject property and the issue of whether All State Insurance Company who would pay the balance on the mortgage because of the fire which destroyed the premises, might bring action against them to recover what was paid. Mr. Morgan sent a letter to the Plaintiff dated February 22, 2006 (Ex. C to Plaintiff's Brief). Plaintiff verifies she never hired a lawyer,

-2-

and therefore never hired Mr. Morgan. Nevertheless, under the Rule she was a "prospective client". Mr. Morgan has no recollection of any discussions with Plaintiff and Plaintiff says that because she discussed the matter with Mr. Morgan, Messers. Durkin and Healey and the O'Malley firm have "information significantly harmful" to her case. There is nothing before me which reveals the harmful information. Significantly harmful information is a necessary pre-requisite to disqualification under Rule 1.18.

Given the disfavoring of motions to disqualify opposing counsel, *Shade v. Great Lakes Dredge and Dock Co.*, 72 F. Supp. 2d 518, 520 (E.D. Pa. 1999) and that the burden of showing that counsel should be disqualified is on the party seeking disqualification, *In re: Rite Aid Corp. Litig.*, 139 F. Supp 2d 649, 656 (ED PA. 2001), the failure to provide the significantly harmful information represents an unfulfilled burden. I cannot simply accept the conclusory statement that Mr. Morgan and therefore current counsel have harmful information. To allow such would place control over disqualification in the hands of the party seeking it, and not the Court.

The motion will therefore be denied. The other arguments of counsel for the Defendant concerning the Plaintiff's statement, I have considered and agree with Plaintiff that her statements are not inconsistent. I do find the Declaration is not under penalty of perjury but do not consider it relevant because the statement does not disclose the significantly harmful information.

NOW, this /5-th day of October, 2009, the Motion to Disqualify is DENIED.

A. Richard Caputo
United States District Judge

-3-