# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY SERSHEN, | |
| Plaintiff, | NO. 3:07-CV-1011 |
| v. | (JUDGE CAPUTO) |
| EUGENE CHOLISH, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendant Eugene Cholish's Motion for Relief From Judgment. (Doc. 120.) Cholish seeks to have this Court relieve him from this Court's December 30, 2009 judgment, which entered judgment in favor of Plaintiff against four Defendants, including Cholish, for fifty thousand dollars ($50,000). For the reasons discussed more fully below, this Court will grant Defendant Cholish's motion.

## BACKGROUND

This Court wrote about the factual underpinnings of this case at length in its December 17, 2009 Memorandum and Order. (Doc. 112.) As such, this opinion will not belabor those facts and will focus solely on the factual and procedural circumstances pertinent to the instant motion.

On August 31, 2009, Plaintiff filed a Motion for Summary Judgment. (Doc. 64.) On September 11, 2009, Defendants Stillwater Environmental Services, Inc, Eugene Cholish, J. Scotty Lemoncelli, Bob Harvey, and the Borough Archbald also filed their Motions for Summary Judgment. (Docs. 72, 79.) While these motions were pending, on December 4, 2009, Defendants Cholish, Lemoncelli, Harvey and the Borough of Archbald filed an Offer

of Judgment for fifty thousand dollars ($50,000) pursuant to Fed. R. Civ. P. 68. (Doc. 111.)

On December 17, 2009, this Court entered a Memorandum and Order that granted summary judgment in favor of Defendant Cholish on all the claims against him, but left some claims open against Defendants Stillwater, Harvey, Lemoncelli and the Borough of Archbald. (Doc. 112.) The following day, Plaintiff accepted Defendants' Offer of Judgment and filed a request with the Clerk of Court to enter judgment in her favor, along with the offer and notice of acceptance, as required by Fed. R. Civ. P. 68(a). (Doc. 113.) This Court then entered judgment in favor of Plaintiff and against Defendants Cholish, Lemoncelli, Harvey, and the Borough of Archbald for fifty thousand dollars ($50,000). (Doc. 114.) Defendant Cholish filed the instant Motion for Relief from Judgment on January 22, 2010. (Doc. 120). This motion is fully briefed and is currently ripe for disposition.

## **DISCUSSION**

Rule 68 of the Federal Rules of Civil Procedure, provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." If the opposing party then serves written notice accepting the offer within fourteen (14) days, either party may file the offer, notice of acceptance, and proof of service, at which time the clerk must enter judgment. Fed. R. Civ. P. 68(a). However, when a district court grants judgment in favor of a defendant during the fourteen-day window prescribed by Rule 68, courts have come to diametrically opposed views on how the summary judgment should affect the offer of judgment.

In *Perkins v. U.S. West Communications, Inc.*, 138 F.3d 336, 339 (8th Cir. 1998), the Eighth Circuit Court of Appeals, held that "the plain language of Rule 68 mandates that an

2

offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment by the district court."[1] In *Perkins*, the court reasoned that the mandatory language in Rule 68 requiring the clerk of court to enter judgment indicated that the district court had no discretion to alter or modify the parties' agreement. *Id.* at 338. Noting that Rule 68 is silent on the issue, the court stated that many courts have held that an offer of judgment is irrevocable for the statutorily-mandated period. *Id.* As such, the court held that aborting this time period by entering summary judgment would alter the parties' statutorily-based understanding that the offer was irrevocable for fourteen (14) days.

However, at least one court in the Third Circuit has disagreed with the holding in *Perkins*. In *Smith v. Southeastern Pennsylvania Transportation Authority*, 258 F.R.D. 300, 302 (E.D. Pa. 2009), the court held that "once the [district] court entered summary judgment for the defendant, the plaintiff could no longer accept the outstanding offer of judgment, and the Clerk of Court had no authority to enter judgment under Rule 68." The court in *Smith* based its reasoning on the premise that plaintiff's acceptance of the offer of judgment represented a ministerial override by the clerk of court of the district court's "considered judgment." *Id.* Furthermore, the court reasoned, entering summary judgment in favor of the defendant brought the case to an end, thus obviating the purpose of Rule 68, which is to secure speedy and inexpensive disposition of actions. *Id.*

Although this Court's reasoning is distinguishable because summary judgment did not bring the litigation to an end, it will follow the holding in *Smith*. Rule 68 permits a party

---

[1] The Federal Rules of Civil Procedure have been changed since *Perkins* was decided. Rule 68 now calls for a fourteen (14) day window to accept an offer of judgment.

3

defending a claim an offer to *allow* judgment on specified terms. When a district court grants summary judgment in favor of the offering party, it enters judgment in favor of that party. At that point, the defendant can no longer offer a judgment because a judgment has already been entered by the district court. As such, the defendant's Rule 68 offer becomes a nullity with respect to that party. The defendant can no longer offer judgment to defendant "on specified terms" as prescribed by Rule 68 because the terms of the judgment have already been decided by the district court when rendering its summary judgment opinion. To hold otherwise would create a scenario where there were two competing judgments: the summary judgment entered in favor of the defendant by the district court, and the judgment offered by defendant and accepted by plaintiff after the court has entered summary judgment. The judgment of the Court is paramount as the case against Defendant Cholish is over and there is nothing to resolve by way of the Offer of Judgment.

Rule 60(b)(6) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for any reason that justifies relief. This Court concludes that the entry of judgment against Defendant Cholish was error and that justifies relief from that judgment. By December 30, 2009, judgment had already been entered in favor of Defendant Cholish by way of this Court's December 17, 2009 opinion granting summary judgment in favor of Cholish. At that time, Cholish was no longer free to offer judgment "on specified terms" and the Offer of Judgment was no longer valid with respect to Cholish because judgment was no longer his to offer. Judgment was entered in favor of Defendant Cholish on December 17, 2009; judgment could not then be entered against him less than two weeks later. Therefore, Cholish is entitled to relief from the December 30, 2009 judgment. (Doc. 114.) Instead, as per this Court's order of December 17, 2009, Defendant Cholish is entitled to have summary

4

judgment entered in his favor on all claims against him.

## **CONCLUSION**

     For the foregoing reasons, Defendant Cholish's Motion for Relief from Judgment will be granted. An appropriate order follows.


April 20, 2010                                                     /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARY SERSHEN,

    Plaintiff,

        v.

EUGENE CHOLISH, et al.,

    Defendants.

NO. 3:07-CV-1011

(JUDGE CAPUTO)

**ORDER**

Now, this  20th  day of April, 2010, it is **HEREBY ORDERED** that Defendant Cholish's Motion for Relief from Judgment (Doc. 120) is **GRANTED.**

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge